■ In the Matter of A.R.E.B.A. CASRIEL, INC., Appellant, v JEAN S. MILLER, as Commissioner of Alcoholism and Substance Abuse Services, et al., Respondents. [722 NYS2d 377] —Judgment, Supreme Court, New York County (Phyllis Gangel-Jacob, J.), entered January 11, 2000, which, to the extent appealed from, denied and dismissed so much of petitioner's application pursuant to CPLR article 78 as sought to annul respondents' November 1997 determination respecting calculation of prospectively applicable Medicaid reimbursement rates for petitioner's inpatient alcohol rehabilitation program and to recoup $540,000 in 1998 reimbursement payments, unanimously affirmed, without costs.

The IAS court properly held that respondents' determination prospectively to change the method used to calculate the executive compensation component of petitioner's Medicaid reimbursement rate was rational and, accordingly, not

arbitrary and capricious. The change in the method of rate calculation was deemed necessary by respondents to avoid the windfall that would have inured to petitioner by reason of its decision to award its executive director a twelve-fold salary increase. The reasonableness of the challenged change is particularly evident in light of the prevailing maximum levels of executive compensation at other similar facilities in the State. The median executive salary employed by respondents in their revised reimbursement rate methodology was based upon the actual executive compensation costs at all programs in the State providing services of the kind offered by petitioner. Thus, the use of that median salary to determine the executive salary cap for Medicaid reimbursement purposes for facilities in petitioner's class was entirely rational (*see, Matter of A. Holly Patterson SNF v Chassin*, 196 AD2d 155, 159, *appeal dismissed and lv denied* 83 NY2d 962).

We have considered petitioner's remaining argument and find it unavailing. Concur—Sullivan, P. J., Rosenberger, Mazzarelli, Wallach and Buckley, JJ.